ELEUTERIO MONTALVO RAMÍREZ, Appellant, *v.* THE REGISTRAR OF PROPERTY, Respondent.

No. G-66-6.      Decided May 2, 1967.

*Raúl Matos* and *Raúl E. Matos* for appellant. The respondent Registrar appeared by brief.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

PER CURIAM: By deed number two executed in Ponce on January 15, 1964, before Notary William Morales Torres, Providencia Álvarez Rosaly, known also as Crescencia Álvarez Rosaly, Josefina Riollano Álvarez, as attorney-in-fact of Dolores Álvarez Rosaly, known also as María Dolores Álvarez Rosaly, and José Ramón de Jesús, as attorney-in-fact of Leonor Álvarez Rosaly, waived, assigned and conveyed in behalf of Eleuterio Montalvo Ramírez all the rights and

actions which correspond or might correspond to them in the real property described in said deed for the price of $4,500.

Said deed was presented in the Registry of Property accompanied, among other documents, by a certified copy of deed number one of protocolization of power of attorney, executed on January 15, 1964, before Notary William Morales Torres.

The Registrar recorded the deed "with the curable defect of failure to establish the legislation of the State of New York under the authority of which the power of attorney protocolized by deed No. 1 of January 15, 1964 before Notary William Morales Torres was executed, pursuant to the provisions of § 11 of the Civil Code."

Feeling aggrieved, the assignee and purchaser, Mr. Montalvo, filed this administrative appeal.

The power of attorney, protocolized by deed No. 1 of January 15, 1964 was signed by the grantor, Dolores Álvarez Rosaly in the City of New York, County of the same name, United States of America, on November 7, 1963, before Notary Abraham Eckstein. The aforesaid power of attorney was legalized before the County Clerk and Clerk of the Supreme Court of the New York County, Mr. James McGurrin, on November 8, 1963. In the certificate of authentication of the power of attorney Mr. McGurrin certifies (1) that Abraham Eckstein, whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same a notary public in and for the State of New York, duly sworn and commissioned and qualified to act as such throughout the State of New York, (2) that pursuant to the law a commission, or a certificate of his official character, and his autograph signature have been filed in his office, (3) that as such notary public he was duly authorized by the laws of the State of New York to administer oaths and affirmations, to receive

and certify the acknowledgment or proof of deeds, mortgages, powers of attorney, and other instruments which may affect the lands, their possessors, and the inheritance right, to be read in evidence or recorded in the State of New York, to protest bills of exchange or promissory notes, and to take and certify affidavits and depositions, (4) that he is well acquainted with the handwriting of the notary or has compared the signature with the signature deposited in his office and believes that the one affixed in the annexed document (the power of attorney) is genuine.

In the authentication of the power of attorney, attestation is given as to the official character of Notary Abraham Eckstein and as to the genuineness of his signature by the official authorized to do so by the law of New York. 18 McKinney's Consolidated Laws of New York, § 132, p. 61. The powers granted to the notaries of New York by the laws of said State are also set forth in said authentication, which evidently remedied the requirement, in our opinion inappropriate, of the Registrar that the legislation of the State of New York be established. See *Flores* v. *Registrar of Guayama*, 31 P.R.R. 118 (1922) and compare it to *Widow of Ruiz* v. *Registrar*, 93 P.R.R. 893 (1967).

For the reasons stated the note appealed from as to the curable defect will be reversed and the registration of the deed of waiver, assignment, and conveyance, free of said defect, will be ordered.